# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2022

Lyle W. Cayce
Clerk

No. 21-51060

United States of America,

*Plaintiff—Appellee*,

*versus*

Arturo Soto-Rueda,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CV-26

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Arturo Soto-Rueda, federal prisoner # 55152-177, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for illegal reentry, 8 U.S.C. § 1326(a), (b)(1).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51060

Soto-Rueda argues the district court erred in rejecting his ineffective assistance of counsel claims because they should have been evaluated under *United States v. Cronic*, 466 U.S. 648, 659 (1984), he was not barred from challenging the validity of the removal order that rendered his reentry unlawful, and counsel could have successfully moved to dismiss the indictment because the conviction on which the removal order was based was not an aggravated felony. He further asserts that his plea was unknowing and involuntary because he was not advised before pleading guilty that his removal order was void and because he was wrongly advised of the maximum statutory penalty that he faced. Finally, he challenges the district court's denial of his motion for an evidentiary hearing.

A COA will issue if Soto-Rueda makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where, as here, the district court has denied relief on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that "the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

Soto-Rueda fails to make the required showing. Thus, his motion for a COA is DENIED. As Soto-Rueda fails to make the required showing for a COA on his constitutional claims, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 122 (2021). Soto-Rueda's motion to proceed in forma pauperis on appeal also is DENIED.